UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT CUELLAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-20-CA-792-HJB |
| | § | |
| GEO GROUP, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER SETTING TELEPHONIC**
**INITIAL PRETRIAL CONFERENCE**

On August 13, 2020, this case was reassigned to the undersigned. (*See* Docket Entry 6.)

Accordingly, and pursuant to Federal Rule of Civil Procedure 16(b), it is hereby **ORDERED**

that this case is set for a Telephonic Initial Pretrial Conference on **September 29, 2020,** at **10:30**

**A.M.** In advance the conference, counsel is directed to dial: **888-363-4734**, and when prompted

to do so, enter **Access Code 1223006** (and press #).

**I.      Proposed Scheduling Recommendations.**

In preparation for the scheduling portion of the conference, and in an effort to assist the

parties in resolving this case as expeditiously and efficiently as possible, in accordance with Rule

CV-16(c) of the Local Court Rules of the Western District of Texas, it is hereby **FURTHER**

**ORDERED** that, **on or before September 24, 2020,**[1] that the parties first confer as required by

FED R. CIV. P. 26(f), and then submit Joint Proposed Scheduling Recommendations to the Court.

The parties must indicate in their Joint Proposed Scheduling Recommendations that they have in

fact conferred as required by the Federal Rules of Civil Procedure. In the event Plaintiff has not

---

[1] This deadline overrides the District Court's previous order for Scheduling
Recommendations. (*See* Docket Entry 3.)

yet obtained service on all Defendants, Plaintiff must include an explanation in the Proposed Scheduling Recommendations of why all parties have not been served.

When conferring, the parties should endeavor to agree concerning proposed dates and enter Joint Proposed Scheduling Recommendations. In the event they are unable agree on dates, each party may file its own Proposed Scheduling Recommendations including the reason(s) for the disagreement.

The Joint Proposed Scheduling Recommendations must include the following deadlines:

1. Initial Disclosures: Unless exempted from initial disclosures through Federal Rule of Civil Procedure 26(a)(1)(B), all parties that have appeared in this action shall make their required Rule 26(a)(1) disclosures on or before (*the suggested period being 14 days from the date of the Initial Pretrial Conference*). To the extent a defendant knows the identity of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, such identity is subject to disclosure under Rule 26(a)(1)(A)(i).

2. Alternative Dispute Resolution ("ADR"): The parties shall file a report on alternative dispute resolution in compliance with Local Rule CV-88 on or before (*the suggested period being 90 days from the date of the Initial Pretrial Conference*).

3. Offer of Settlement: Parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before (*the suggested period being 90 days from the date of the Initial Pretrial Conference*), and each opposing party shall respond, in writing on or before (*the suggested period being 104 days from the date of the Initial Pretrial Conference*). All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and response as the Court will use these in assessing attorney's fees and costs at the conclusion of the proceedings. If a settlement is reached, the parties should immediately notify the Court, so the case may be closed.

4. Amend/Supplement Pleadings, Joinder of Parties: On or before (*the suggested period being 120 days from the date of the Initial Pretrial Conference*), the parties shall file any motion seeking leave to amend or join parties.

5. Designation of Experts: Parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before (*the standard period being 90 days before the discovery deadline*).

2

6. Designation of Experts (*Continued*): Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before (*the standard period being 45 days before the discovery deadline*).

7. Rebuttal of Experts: Parties shall file all designations of rebuttal experts and serve on all parties, the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, **within 14 days of receipt** of the report of the opposing expert.

8. Discovery Deadline: Parties shall initiate all discovery procedures in time to complete discovery on or before (*the suggested period being six months from the date of the Initial Pretrial Conference*).

9. Mediation: The parties must mediate this case unless the parties seek an Order from the Court excusing them from mediation (*the standard period being 14 days after the discovery deadline*).

10. Dispositive Motions Deadline: On or before (*the standard period being 30 days after the discovery deadline*), parties shall file any dispositive motions, including motions for summary judgment on all or some of the claims, *Daubert* motions, and motions to exclude or objections to expert witnesses. Federal Rule of Civil Procedure 6(d) does not apply to the time limits set forth in Local Rule CV-7 for responses and replies to the motions.

11. Pretrial Conference and Trial: The Court will set dates for trial and the final pretrial conference after receiving and reviewing filed dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, it will likewise set appropriate deadlines for trial and pretrial conference matters.

Although the Proposed Scheduling Recommendations will be considered by Court, the setting of all dates is within the discretion of the Court.

**II.    Joint Rule 26(f) Report.**

In preparation for the Initial Pretrial Conference, it is **FURTHER ORDERED** that, **on or before September 24, 2020,** the parties must confer as required by Federal Rule of Civil Procedure 26(f) and Local Rule CV-16(c) and submit a Joint Rule 26(f) answering the questions outlined below:

3

1.    Are there any outstanding jurisdictional issues?  For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal?  If not, each party should state its position on the amount controversy.

2.    Are there any unserved parties?  If more than 90 days have passed since the filing of the Complaint or Petition, should these unserved parties be dismissed?

3.    What are the causes of action, defenses, and counterclaims in this case?  What are the elements of the cause(s) of action, defenses, and counterclaims pled?

4.    Are there agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

5.    What are the parties' views and proposals on all items identified in Rule 26(f)(3)?

6.    What, if any, discovery has been completed?  What discovery remains to be done? Have the parties considered conducting discovery in phases?

7.    What, if any, discovery disputes exist?

8.    Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

9.    Have the parties discussed mediation?

**SIGNED** on August 13, 2020.

Henry J. Bemporad
United States Magistrate Judge